1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11                                                    Civ. No. 2:18-CV-00097-KJM-DB

VICTOR MANUEL BRITO SANCHEZ,
12

13               Plaintiff,                           AMENDED FINAL PRETRIAL ORDER

14         v.

15

WILLIAM P. BARR, United States
16 Attorney General,

17

18               Defendant.

19

20              On October 20, 2020, the court conducted a final pretrial conference.   Counsel

21   Nienke Schouten appeared on behalf of plaintiff; counsel Victor Lawrence appeared for

22   defendant.  On October 29, 2020, the court issued its final pretrial order, ECF No. 38.  On

23   November 4, 2020, the parties timely filed joint objections to the final pretrial order.  Good cause

24   appearing, the court makes the following amended findings and orders:

25   JURISDICTION/VENUE

26              Jurisdiction is predicated on 8 U.S.C. § 1252(b)(5)(B).  The Ninth Circuit

27   determined transfer to this court was appropriate and requested this court make a factual

28   /////

                                           1

determination on plaintiff's claim to be a U.S. citizen from birth.  Jurisdiction and venue are not contested.

JURY/NON-JURY

The parties agree this matter must proceed by bench trial.

UNDISPUTED FACTS

| Joint Undisputed Facts | |
|---|---|
| 1. | The Mexican government has provided an official certified birth registry for Victor Brito Sanchez with place of birth, Coatlan del Rio, Mexico, and date of birth, April 1, 1990. |
| 2. | The certified birth registry shows a registration date of July 18, 1990. |
| 3. | The certified birth registry contains the names of Mr. Brito's parents as well as the name of his maternal and paternal grandparents. |
| 4. | Plaintiff Brito's biological mother and father, were both born in Mexico, began living together in Coatlan del Rio, Morelos, Mexico in approximately 1985. |
| 5. | Ms. Lopez testified that her son Victor was born on April 1, 1990 in the United States. |
| 6. | Ms. Lopez has no photographs or medical records to prove she gave birth to Victor in the United States, and she does not possess a certified document from any governmental agency or any hospital showing that Victor was born in the United States. |
| 7. | Ms. Lopez testified at her deposition that she came to the United States in May 1989 with "a lot of people."  At her deposition Ms. Lopez could only identify Victor's biological father and her daughter who was two years old at the time. |
| 8. | Ms. Lopez was convicted on April 28, 2016 for the crime of Grand Theft of Labor in violation of Section 487(a) of the California Penal Code, a misdemeanor.[1] |
| 9. | The whereabouts of plaintiff's biological father are unknown. |
| 10. | Plaintiff has no official records to demonstrate that he was born in the United States and has no independent proof as to where he was born. He relies only on his mother's testimony as to where he was born. |

DISPUTED FACTUAL ISSUES

The parties' principal disputed fact is where plaintiff was born, in the United States or Mexico.

/////

---

[1] The court notes this is a different crime and different violation of the California Penal Code than the one identified in the Amended Joint Pretrial Conference Statement, ECF No. 35, and Final Pretrial Order, ECF No. 38.

SPECIAL FACTUAL INFORMATION

     None.

DISPUTED EVIDENTIARY ISSUES

     Defendants have filed a motion *in limine* as discussed below.

STIPULATIONS/AGREED STATEMENTS

     The parties agree plaintiff has no official records to demonstrate he was born in the United States and has no independent proof of where he was born. Plaintiff relies only on his mother's testimony as to where he was born.  The parties agree Mr. Brito's testimony is unnecessary to the court's factual determination regarding where he was born and neither plaintiff nor defendant will call him as a witness.

RELIEF SOUGHT

     Plaintiff seeks relief in the form of a factual determination that he was born in the United States.  Defendants seek a factual determination that plaintiff was born in Mexico.

POINTS OF LAW

     There are no disputes about the applicable law and legal standards.  The Ninth Circuit has set forth a clear framework for cases transferred to district courts as provided by 8 U.S.C. § 1252(b)(5)(B):

> The government bears the ultimate burden of establishing all facts supporting deportability by clear, unequivocal, and convincing evidence. When, however, the government offers evidence of a foreign birth, a rebuttable presumption of alienage arises, shifting the burden to the alleged citizen to prove citizenship. Upon production by a petitioner of substantial credible evidence of the citizenship claim, this presumption bursts and the burden shifts back to the government to prove the respondent removable by clear and convincing evidence.

*Mondaca-Vega v. Lynch,* 808 F.3d 413, 419 (9th Cir. 2015) (citations and quotations omitted).

ABANDONED ISSUES

     During removal proceedings in Immigration Court, the government introduced a document found in plaintiff's school records purportedly from a medical clinic in Wildomar,

California.  The document purported to show Victor Brito Sanchez was born at that clinic. The parties agree this record lacks proper authentication and should not be considered by the court as part of the factual determination regarding where plaintiff was born.  Accordingly, the authenticity of the Wildomar birth certificate is an abandoned evidentiary issue.

WITNESSES

Each party may call any witnesses designated by the other.

    A.    The court will not permit any other witness to testify unless:

        (1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

        (2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "B," below.

    B.    Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial.  The witnesses will not be permitted unless:

        (1) The witness could not reasonably have been discovered prior to the discovery cutoff;

        (2) The court and opposing parties were promptly notified upon discovery of the witness;

        (3) If time permitted, the party proffered the witness for deposition; and

        (4) If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

    C.    The parties' respective lists of trial witnesses, along with a brief statement of the nature of the testimony to be proffered, are attached as **Exhibit A** for plaintiff and **Exhibit B** for defendant.

/////

/////

4

1  EXHIBITS, SCHEDULES AND SUMMARIES

2       Plaintiff's exhibits are identified in **Exhibit C**.  At trial, plaintiff's exhibits shall be

3  listed numerically.

4       Defendant's exhibits are identified in **Exhibit D**.  At trial defendant's exhibits

5  shall be listed alphabetically, first A, B, C, etc., then AA, BB, CC, etc., and so on.

6       The court encourages the parties to generate a joint exhibit list to the extent

7  possible.  Joint Exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2.

8       All exhibits must be pre-marked.

9       The parties must prepare exhibit binders for use by the court at trial, with a side tab

10  identifying each exhibit in accordance with the specifications above.  Each binder shall have an

11  identification label on the front and spine.

12       The parties must exchange exhibits no later than twenty-eight days before trial.

13  Any objections to exhibits are due no later than fourteen days before trial.

14       A.      The court will not admit exhibits other than those identified on the exhibit

15  lists referenced above unless:

16            1.  The party proffering the exhibit demonstrates that the exhibit is for the

17                 purpose of rebutting evidence that could not have been reasonably

18                 anticipated, or

19            2.  The exhibit was discovered after the issuance of this order and the

20                 proffering party makes the showing required in Paragraph "B," below.

21       B.      Upon the discovery of exhibits after the discovery cutoff, a party shall

22  promptly inform the court and opposing parties of the existence of such exhibits so that the court

23  may consider their admissibility at trial. The exhibits will not be received unless the proffering

24  party demonstrates:

25            1.  The exhibits could not reasonably have been discovered earlier;

26            2.  The court and the opposing parties were promptly informed of their

27                 existence;  and

28  /////

5

3. The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

DEPOSITION TRANSCRIPTS

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court on the first day of trial.

FURTHER DISCOVERY OR MOTIONS

Discovery is closed. Plaintiff withdrew his motion to extend discovery based on the agreements contained in the parties' Amended Joint Pretrial Conference Statement.

AMENDMENTS/DISMISSALS

There are no amendments to pleadings or additions/substitutions of parties.

SETTLEMENT

The court is not ordering the parties to attend a court-convened settlement conference.

MOTIONS IN LIMINE

Defendant filed a motion *in limine* to exclude plaintiff's expert witness, Gretchen Kuhner, ECF No. 36. At hearing the court set a briefing schedule. *See* Minutes, ECF No. 37. Plaintiff's opposition is to be filed by October 30, 2020 and defendant's reply is to be filed by November 6, 2020, whereupon the matter will be submitted for resolution by written order.

If a party wishes to contest the court's pretrial ruling after it issues, it must do so through a proper motion or objection, or otherwise forfeit appeal on such grounds. *See* Fed. R. Evid. 103(a); *Tennison v. Circus Enters., Inc.*, 244 F.3d 684, 689 (9th Cir. 2001) ("Where a district court makes a tentative *in limine* ruling excluding evidence, the exclusion of that evidence may only be challenged on appeal if the aggrieved party attempts to offer such evidence at trial.") (alteration, citation and quotation omitted). If the court denies the defendant's motion in limine and defendant wishes to renew the challenge at trial, it should alert the court, at which point the court may grant limited voir dire before plaintiff's expert may be called to testify.

JOINT STATEMENT OF THE CASE

The parties agree on the undisputed statement of facts above.

SEPARATE TRIAL OF ISSUES

The court will not try any issues separately.

IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

The court does not plan to appoint an impartial expert.

ATTORNEYS' FEES

No party seeks attorneys' fees.

TRIAL PROTECTIVE ORDER

Parties jointly request a trial protective order with respect to Ms. Lopez's immigration Form I-918, Petition for U Nonimmigrant Status, submitted to the United States Citizenship and Immigration Services (USCIS); their request extends to any testimony related to the form. The protective order is sought in light of the nondisclosure provisions of the federal Violence against Women Act (VAWA).  The court directs the parties to file a joint proposed protective order no less than seven days prior to trial.

MISCELLANEOUS

Trial briefs are due seven days before trial. The court directs defense counsel to provide a paper copy of the administrative record from the Ninth Circuit by delivering it promptly to the office of the Clerk of Court, with the option of concurrently submitting a text searchable electronic copy.

ESTIMATED TIME OF TRIAL/TRIAL DATE

A bench trial is set for November 19, 2020 at 9:00 a.m. before the Honorable Kimberly J. Mueller. Trial is anticipated to last one day.  As with the October 20, 2020 final pretrial conference, the court has determined that the COVID-19 pandemic necessitates trial be conducted by videoconference to protect the health and safety of all those involved in the proceeding.  The court notes plaintiff's objection to trial by videoconference but overrules the objection based on current public health data for the Sacramento division of the Eastern District of California, showing COVID-19 has not been suppressed.  The Courtroom Deputy will

communicate with counsel in advance of trial regarding trial procedure and housekeeping matters relating to the use of videoconference technology for an evidentiary proceeding of this kind.

DATED:  November 10, 2020.

CHIEF UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**PLAINTIFF'S WITNESS LIST**

1. Ms. Rosa Lopez, 1300 Cambridge Street, Novato, California 94947, in person as a witness. Ms. Lopez is the Plaintiff's biological mother.

2. Ms. Gretchen Kuhner, located at Avenida México 188, Colonia del Carmén, Coyoacan, Mexico City, Mexico, in person, as an expert witness. Ms. Kuhner's area of expertise is migration studies.[2]

---

[2] As noted, defendant filed a motion *in limine* to exclude the testimony and expert report of plaintiff's designated expert witness, Gretchen Kuhner.  The court will resolve the matter by written order once the motion has been fully briefed.

**EXHIBIT B**

**DEFENDANT'S WITNESS LIST**

1.  Deportation Officer Jaime Grasso in person as a witness. Officer Grasso works for U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security, in San Francisco, California.

2.  Ms. Rosa Lopez to testify as an adverse witness.

1

**EXHIBIT C**

2

**PLAINTIFF'S EXHIBIT LIST**

3

Plaintiff will present the following exhibits:

4       1.      A copy of an immigration Form I-918, Petition for U Nonimmigrant Status, signed

5               and submitted by Ms. Rosa Lopez to USCIS (United States Citizenship and

6               Immigration Services) for an immigration benefit;

7       2.      "Questionnaire on the Maintenance of Children." This form from the California

8               Department of Social Services was signed by Rosa Lopez and dated as July 24, 1995;

9       3.      Plaintiff Kuhner's Expert Report.[3]

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[3] *Id.*

**EXHIBIT D**

**DEFENDANT'S EXHIBIT LIST**

Defendant will present the following exhibits:

A.     Mexican Birth Registry for Victor Brito Sanchez;

B.     Document from Victor Brito Sanchez's A-File which caused ICE Deportation Officer to investigate Mr. Sanchez's alienage;

C.     Plaintiff's Updated Responses to Defendant's First Set of Requests for Admissions to Plaintiff.

D.     A copy of the conviction record demonstrating that Ms. Lopez was convicted on April 28, 2016 for the crime of Grand Theft of Labor in violation of Section 487(a) of the California Penal Code, a misdemeanor.