UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Victor Manuel Brito Sanchez,<br><br>    Plaintiff,<br><br>    v.<br><br>William P. Barr, United States Attorney General,<br><br>    Defendant. | No. 2:18-CV-00097-KJM-DB<br><br>ORDER |

In its October 20, 2020 Final Pretrial Conference, the court set this matter for a virtual bench trial on November 19 and agreed to resolve defendant's motion *in limine* filed before trial by written order. Final Pretrial Order, ECF No. 38. The court, having considered the parties' briefs denies defendant's motion, for the reasons explained below.

**I.   BACKGROUND**

This court previously set forth the factual and procedural history of this matter in its July 15, 2020 order on defendants' prior motion for summary judgment; the court incorporates that history by reference here. Order, ECF No. 27, at 2–3. Defendant now moves *in limine* to exclude plaintiff's expert witness. *See* Mot., ECF No. 36; Reply, ECF No. 41. Plaintiff opposes the motion. *See generally* Opp'n, ECF No. 39-2.

/////

1

## II. LEGAL STANDARD

The court issues its rulings on motions *in limine* based on the record currently before it. Its ruling is made without prejudice and is subject to proper renewal, in whole or in part, during trial. *See United States v. Whittemore*, 776 F.3d 1074, 1082 (9th Cir. 2015) ("A ruling on a motion in limine is not a final order . . . such rulings 'are by their very nature preliminary.'" (quoting *Coursen v. A.H. Robins Co.*, 764 F.2d 1329, 1342 (9th Cir. 1985))). If a party wishes to contest a pre-trial ruling, it must do so through a proper motion or objection, or otherwise forfeit appeal on such grounds. *See* Fed. R. Evid. 103(a); *Whittemore*, 776 F.3d at 1082 ("Where a district court makes a tentative in limine ruling excluding evidence, the exclusion of that evidence may only be challenged on appeal if the aggrieved party attempts to offer such evidence at trial, which allows the court [to] make a final ruling." (citation and internal quotation omitted)).

## III. ANALYSIS

Defendant argues the court should exclude plaintiff's expert witness, Gretchen Kuhner, on two bases: (1) her failure to offer any opinions required under the expert disclosure rules to provide defendant with notice of her expert testimony, and (2) plaintiff's improper identification of the proposed expert's "specialized knowledge" or area of expertise. *See generally* Mot. The court address each argument in turn.

### A. Ms. Kuhner's Opinions

Federal Rule of Civil Procedure 26(a)(2)(B) requires an expert's disclosure to be accompanied by a written report, and that the report "contain [] a complete statement of all opinions the witness will express and the basis and reasons for them." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 821 (9th Cir. 2011) ("the disclosure of an expert witness must be accompanied by a written report discussing the opinion of the expert, including the basis for the opinion"). The district court has discretion to "allow expert testimony in appropriate circumstances" if the failure to disclose information "was substantially justified or [] harmless." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010); *Yeti by Molly, Ltd. v.*

/////

2

1  *Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001) (noting Rule 37(c)(1) places burden
2  on party facing objection to prove harmlessness).

3  Defendant objects to Ms. Kuhner's testimony and report for failure to offer any opinions
4  as required under the expert disclosure rules so as to provide defendant with notice of her expert
5  testimony. Mot. 3–4; *id.*, Ex. A (Expert Disclosure), ECF No. 36-1. Responding, plaintiff argues
6  Ms. Kuhner's report expressly provides three opinions she is prepared to offer the following:
7  (1) based on her experience working with migrant women and migrant parents who face barriers
8  to access in obtaining U.S. birth certificates when they return to Mexico with their children born
9  in the United States, she will discuss the practice of dual registration of a child's birth; (2) based
10 on her experience, she will discuss reasons why a Mexican-American family would register their
11 American-born child in Mexico; and (3) her opinion why a Mexican birth certificate is not
12 necessarily dispositive of the registrant's birth in Mexico. Opp'n 2 (citing Expert Disclosure).
13 Defendant counters that Ms. Kuhner would likely seek to go beyond the generalized statements in
14 her expert report to support her opinions and that would constitute "unfair surprise." Reply 5
15 (relying on *Stamas v. County of Madera*, 2011 WL 826330, at *7 (E.D. Cal. 2011)).

16 The Expert Disclosure states Ms. Kuhner "will discuss the practices of double
17 registration," "why a Mexican-American family might register its American-born child in
18 Mexico" and "why a Mexican birth certificate is not necessarily dispositive of the registrants'
19 birth in Mexico." *See* Expert Disclosure 1. Ms. Kuhnder's expert report indicates she formed her
20 opinions through interviews with parents who have engaged in dual registration and
21 conversations with Mexican National Population Registry personnel. *Id.* The purpose of
22 Rule 26(a), as defendant itself points out, is to give enough information to help defendant
23 determine whether this expert is worth deposing, or whether she is worth challenging as an
24 expert. *Goodman*, 644 F.3d at 821. Rule 26(a)(2)(B) does not address the sufficiency of the
25 "basis and reasons" to justify the opinions offered. *Id.*; *see F.D.I.C. v. Anderson*, No. 2:11-CV-
26 01061-GEB, 2012 WL 3728160, at *4 (E.D. Cal. Aug. 27, 2012) (holding no harm to defendant
27 resulting from vagueness of expert's disclosure). Here, after receiving timely disclosure,
28 defendant declined to depose Ms. Kuhner, a decision made at their own risk.

3

On the record before the court, the exclusion of Ms. Kuhner's report is not warranted.

**B.    Ms. Kuhner's Expertise**

Federal Rule of Evidence 702 provides an expert witness's opinions are admissible if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Whether expert testimony is admissible is a question within the trial court's discretion. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 142 (1997). The district court must screen out "unreliable nonsense opinions," but may hear and weigh expert opinions that are impeachable. *Id.* at 1044. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993).

Defendant argues Ms. Kuhner's testimony would not be helpful or relevant because her curriculum vitae "indicates that the bulk of her work is in the fields of anti-trafficking, women's rights, and detention . . . [which] are [not] issues in the present case." Mot. 7. Plaintiff concedes the expert report did not expressly identify an area of expertise for Ms. Kuhner but argues the omission is harmless. Opp'n 4. Defendant counters by arguing defendant will be harmed because, in reliance on the omission, defendant did not seek a rebuttal expert. Reply 5. Defendant does not identify the kind of expert he would have retained. Defendant also rejects plaintiff's argument that Ms. Kuhner's curriculum vitae and work experience sufficiently establish Ms. Kuhner's area of expertise. *See* Mot. 7; Reply 5.

Relevance is quite a "low bar to the admissibility of evidence," *Capitol Specialty Ins. Corp. v. Beach Eatery & Surf Bar, LLC*, 36 F. Supp. 3d 1026, 1037 (E.D. Wash. 2014) (citation, quotation marks omitted), with "any tendency to make a fact [of consequence] more or less probable than it would be without the evidence," Fed. R. Evid. 401. Ms. Kuhner's expertise is described as "migration studies" on plaintiff's witness list provided with the parties' joint pretrial statement, Joint Pretrial Statement 6, ECF No. 29, and that description has now been incorporated

into the court's Amended Final Pretrial Order, ECF No. 43.  This description is consistent with Ms. Kuhner's curriculum vitae, which documents her extensive work in the migration studies field, including for the last ten years as director of the Institute for Women in Migration in Mexico City.  This background embraces a subject matter relevant here given that plaintiff's mother allegedly migrated to the United States while pregnant with plaintiff, with the question pending whether she gave birth to plaintiff in the United States or Mexico.  Expert Disclosure 4.  The court finds a broad exclusion of Ms. Kuhner's testimony is not warranted given that defendants may raise proper objections at trial and if those objections are overruled can then engage in vigorous cross-examination. *See F.D.I.C.*, 2012 WL 3728160, at *4 ("[t]he preference for deciding matters on the merits, rather than on procedural missteps, counsels against excluding [plaintiff's expert witness]").

## IV.    CONCLUSION

**Defendant's motion is denied without prejudice.**

This order resolves ECF No. 36.

IT IS SO ORDERED.

DATED:  November 13, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE