1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR MANUEL BRITO SANCHEZ,<br><br>                Plaintiff,<br><br>v.<br><br>WILLIAM P. BARR, United States Attorney General,<br><br>                Defendant. | CASE NO.  2:18-CV-00097-KJM-DB<br><br>**ORDER ON JOINT PROTECTIVE ORDER AND REQUEST TO SEAL**<br><br>[8 U.S.C. § 1367]<br><br>Date:       November 12, 2020<br>Time:      2:00 p.m.<br>Courtroom: 3, 15th Floor<br>Judge:    Hon. Kimberly J.  Mueller |

     In the Amended Final Pretrial Order, Plaintiff indicated that he wished to introduce an exhibit at trial which is protected from disclosure by 8 U.S.C. § 1867 (Petition for U Nonimmigrant Status, Form I-918), Plaintiff's Exhibit 1.  The exhibit, hereinafter referred to as the Protected Document, contains highly sensitive information which, in accordance with the law and for the protection of a witness, must be shielded from public view.

     Plaintiff's counsel obtained the Protected Document from a third-party source, has shared the Protected Document with Defendant's counsel after obtaining a full waiver of voluntary disclosure from the U Visa Applicant to whom the Protected Document relates, and Defendant

1   has confirmed that the Protected Document in question is an accurate copy of the petition that

2   was received by the United States Citizenship and Immigration Services in 2011.

3         The parties agree that this Protected Document shall be treated as "Protected Information

4   – Attorneys' Eyes Only," and shall be used by the parties and their counsel solely for the

5   prosecution and/or defense of this matter and shall not be published to members of the general

6   public in any form, nor used for any purpose except as specified in this Order or as the Court

7   may order.  The parties further agree that the Protected Document shall not be deemed as

8   evidence for truth of the matter asserted, but rather solely for purposes of demonstrating a prior

9   consistent statement.

10        Access to the Protected Document shall be limited to the following authorized

11  individuals:

12

13        (a) counsel for the Plaintiff, including support staff reasonably necessary to assist

14  counsel and operating under counsel's direction, such as law students, paralegals or legal

15  assistants, secretaries, and any other employees or independent contractors operating

16  under counsel's instruction or direction;

17

18        (b)  counsel for the Respondent, including support staff reasonably necessary to

19  assist counsel and operating under counsel's direction, such as law students, paralegals or

20  legal assistants, secretaries, and any other employees or independent contractors

21  operating under counsel's instruction or direction;

22        (c) the witness to whom the application relates;

23

24        (d) a present or former employee or representative of the United States who may

25  be examined and may testify concerning the Protected Document;

26

27

28

1   (e) qualified persons taking or recording testimony involving such documents or

2   other information and necessary stenographic and clerical personnel thereof (for example,

3   court reporters and video technicians);

4   (f) Judges and Magistrate Judges of the Court, their staff, and Court employees;

5   (g) the Clerk of Court and the Clerk's staff; and

6   (h) Judges and court staff of any Court of Appeals if and when this matter comes

7   before such a court.

8   Counsel shall not disclose materials subject to this Order to Plaintiff, any third party not

9   specified above, or any unauthorized person without further order of the Court or written

10   stipulation by the parties.  Nothing in this Order concerning the Protected Document imposes

11   any obligations or limits on the United States and/or counsel for the United States (for instance,

12   this Order does not limit or preclude in any way Government personnel's rights to access and

13   review the Protected Document).

14   All individuals other than Judges of the Court and Court staff to whom the Protected

15   Document is disclosed shall first be informed of and shall agree to follow this Order and shall

16   not disclose or use the Protected Document except in compliance with this Order.  Before

17   receiving the Protected Document the individuals covered by this paragraph shall acknowledge

18   their agreement to comply with this Order by signing a copy of the attached acknowledgment

19   form.  A copy of each such signed acknowledgment form must be provided promptly after its

20   execution to Plaintiff's record counsel.

21   Each person to whom the Protected Document is disclosed shall:

22   (a) maintain the information and documents subject to this order in a secure

23   location;

24   (b) not reveal information and documents subject to this order to any person, other

25   than as authorized by this Order or by a future order of the Court; and

26   (c) not reveal the Protected Document other than in preparing and litigating this

27   matter.

28

3

1    With respect to all information and documents where the Protected Document is

2  discussed in or attached to any pleadings, motions or other papers to be filed with the Court, or

3  deposition testimony about those documents, the parties shall, before filing, move the Court for

4  leave to file such information or documents "under seal."  If the request is granted, the

5  information or documents to be filed "under seal" shall be filed electronically using a filing

6  option that allows the document to be filed under seal and not made accessible to the general

7  public, or by using another method as the Court may order.  In addition, the parties shall publicly

8  file redacted versions of the information or documents filed "under seal" if feasible given the

9  information that needs to be redacted.

10    Within sixty (60) days after a final judgment in this matter, the Protected Document,

11  including copies that have not been submitted to the Court, shall be returned to Plaintiff's

12  counsel or destroyed.  To the extent that copies of the Protected Document are made, Plaintiff's

13  counsel shall, in addition to all copies, provide to Defendant's counsel a log documenting the

14  disposition of all copies (e.g., whether by return to Defendant's counsel, or by destroying the

15  copies).

16    Inadvertent production of the Protected Document without it being marked "Subject to

17  Protective Order - Attorneys Eyes Only" shall not in itself be deemed a waiver of any claim of

18  confidentiality as to those documents or information.  If Defendant fails to mark an item as

19  Protected Information - Attorneys Eyes Only at the time of production, Defendant may correct

20  this failure in writing accompanied by substitute copies of each item, container or folder,

21  appropriately marked confidential, or by so identifying such production by assigned page

22  number.  Within five (5) business days of receiving notice of inadvertent production, any

23  individual or entity that received such allegedly privileged or protected material shall return to

24  the producing party all such material, and copies thereof, in his, her or its possession.

25    This Order, which incorporates the parties' agreement, does not constitute a waiver of

26  any privilege or defense that any party may have regarding the Protected Document.  This Order

27  is without prejudice to the rights of any party to apply to the Court for a further protective order

28

4

1   or to make discovery objections or motions permitted by the Federal Rules of Civil Procedure, or

2   any other authority.

3           It is so ORDERED.

4   DATED:  November 13, 2020.

5

6                                                   CHIEF UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT**

I, _____, [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order Regarding Attorneys'-Eyes-Only materials that was issued by the United States District Court for the Eastern District of California in the case of *Victor Brito Sanchez v. Barr*, civil action: 2:18-CV-00097-KJM-DB , and I agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order, or as the Court may order in the future.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name], of _____ [print or type full address and telephone number] as my agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature:        _____

Dated: _____, 2020

6